TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
CREDIT REPAIR LAWYERS OF AMERICA
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Wendy Rahier*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Wendy Rahier,<br><br>              Plaintiff,<br><br>       vs.<br><br>Miramed Revenue Group, LLC,<br>a foreign limited liability corporation,<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**FOR VIOLATIONS OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, WENDY RAHIER, BY AND THROUGH

COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant,

pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), 15 U.S.C. §1692k(d), Cal. Civ. Code §1788.30(f) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Yucca Valley, San Bernardino County, California.

3. Venue is proper in the Central District of California.

## PARTIES

4. Plaintiff is a natural person residing in Yucca Valley, San Bernardino County, California.

5. The Defendant to this lawsuit is Miramed Revenue Group, LLC, a foreign limited liability company that conducts business in the State of California.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt which is allegedly owed by Plaintiff to Sonora Quest Laboratories in the amount of $68.00 ("the Alleged Debt").

7. On June 17, 2020, Plaintiff obtained her Trans Union credit report.  She noticed that Defendant reported the Alleged Debt.

2

8. On or about July 14, 2020, Plaintiff submitted a letter to Defendant, disputing the Alleged Debt.

9. On October 1, 2020, Plaintiff obtained her Trans Union credit report and noticed that Defendant last reported the Alleged Debt on September 5, 2020, and failed or refused to flag the tradeline as disputed, in violation of the FDCPA.

10. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

11. Defendant had more than ample time to instruct Trans Union to flag its tradeline as disputed.

12. Defendant's inaction to have its tradeline on Plaintiff's credit report flagged as disputed was either negligent or willful.

13. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions.  Her credit report continues to be damaged due to Defendant's failure to properly report the associated tradeline.

## COUNT I - VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

3

16. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Plaintiff has suffered harm and damages at the hands of Defendant, and this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiff, by Congress.

19. Defendant's failure to flag the Alleged Debt on Plaintiff's consumer credit file is humiliating and embarrassing to Plaintiff as it creates a false impression to users of her credit report that she has simply ignored this Alleged Debt when, in fact, she disputes its validity.

20. Defendant's foregoing acts in attempting to collect this Alleged Debt violated 15 U.S.C. §1692e by using false or misleading representations by failing to flag the Alleged Debt as disputed.

21. As direct and proximate cause of Defendant's failure to flag its tradeline as disputed, Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

4

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.* ("ROSENTHAL ACT")

22. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

23. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

24. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

25. Defendant is a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

26. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

28. Defendant's foregoing acts in attempting to collect this Alleged Debt violated the following provisions of the Rosenthal Act:

    a. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

29. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

30. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the Rosenthal Act.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees.

## **PRAYER FOR RELIEF**

Accordingly, Plaintiff requests that the Court grant her the following relief against Defendant:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED:  April 21, 2021

By:   /s/ Trinette G. Kent
Trinette G. Kent
Attorneys for Plaintiff,
Wendy Rahier